**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICE MANSELL,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

No. 95-2975

Defendant-Appellee,

and

STEVEN A. GREGOIRE,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-2797-S)

Submitted: December 12, 1995

Decided: April 15, 1996

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and
CHAPMAN, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Patrice Mansell, Appellant Pro Se. George Levi Russell, III, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals the district court order dismissing his claim for lack of subject matter jurisdiction. Briefly, the facts of Appellant's case are as follows. Appellant, a federal employee, filed suit in state court against a co-employee for defamation. An Assistant United States Attorney moved for removal, and then substitution of the United States as a party under 28 U.S.C. § 2679 (1988). In support of this motion, the Assistant United States Attorney presented the United States Attorney's certification that the co-employee was acting within the scope of his employment. The district court granted both motions, stating that the certification was conclusive proof of the scope issue for purposes of both removal and substitution. The court then granted the Government's motion for dismissal, stating that since the Appellant had not presented an administrative claim to the appropriate agency under the Federal Tort Claims Act the court lacked subject matter jurisdiction. Appellant then filed two motions, one for leave to proceed in forma pauperis, and one to enjoin the United States Attorney from seeking removal to federal court in a second state tort action Appellant had filed involving the same set of facts. The district court denied both of these motions.

Appellant noted a timely appeal and reasserted both of these motions, adding a request that the United States Attorney be enjoined from seeking substitution of the United States as a defendant in the second state tort claim. To the extent that Appellant's motion for injunction seeks to restrain a federal officer from acting, we interpret it as a petition for a writ of mandamus. We deny this petition because the United States Attorney is under no clear duty to refrain from seeking either removal or substitution under 28 U.S.C.§ 2679. Therefore, we have no power to compel this action. See Central S.C. Chapter, Soc'y of Professional Journalists v. United States Dist. Court, 551 F.2d 559, 561-62 (4th Cir. 1977).

2

Turning to the merits of the claim before this Court, we grant Appellant's motion for leave to proceed in forma pauperis and vacate and remand his claim to the district court. The district court cited Johnson v. Carter, 983 F.2d 1316 (4th Cir. 1993) (en banc), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3244 (U.S. Oct. 4, 1993) (No. 92-1591), for the proposition that the United States Attorney's certification of scope of employment was conclusive for purposes of both removal and substitution. Johnson, however, has recently been overruled by the United States Supreme Court in Gutierrez de Martinez v. Lamagno, ___ U.S. ___, 63 U.S.L.W. 4584, (U.S. June 14, 1995) (No. 94-167). In Gutierrez, the Court held that in a case originally brought in state court, as was this one, a certificate is conclusive for purposes of removal only--not substitution. Id. at 4589. Since the district court erroneously believed itself to be bound by the United States Attorney's certification, it never conducted a judicial review of the scope of employment issue. Therefore we grant leave to proceed in forma pauperis on appeal and remand to allow the district court to review this issue in accordance with Gutierrez . We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED